## PENINSULA FOREST PRODUCTS CO. v. EARLE.

## PENINSULA FOREST PRODUCTS CO. v. UNITED STATES.
### Civ. Nos. 4171, 4172.

United States District Court
D. Oregon.
Sept. 27, 1949.

Robert T. Jacob, Portland, Or., and Randall S. Jones (of Jacob, Jones & Brown), Portland, Or., for plaintiff.

Thomas R. Winter, Sp. Asst., Seattle, Wash., and Floyd D. Hamilton, Asst. U. S. Atty., Portland, Or., for defendants.

McCOLLOCH, District Judge.

Trial was had without the intervention of a jury, the jury having been waived in the manner provided by Rule 38(d) of the Federal Rules of Civil Procedure, 28 U.S.C. A. Witnesses were sworn and testified and exhibits were introduced in evidence and an offer of proof was made by the defendants accompanied by an exhibit offered in evidence, and based upon the facts admitted in said pre-trial order, said testimony, evidence, said offer of proof and accompanying exhibit, after due consideration, the court makes the following findings of fact:

### I.

That each of the above actions is a civil action and arises under the laws of the United States providing for Internal Revenue, particularly Sections 23(a), 322, 3770 (a), 3772 and 3797(a) of the Internal Revenue Code, 26 U.S.C.A. §§ 23(a), 322, 3770 (a), 3772, 3797(a), and with respect to civil action No. 4172 also Sections 23(s) and 122 of the Internal Revenue Code, 26 U.S. C.A. §§ 23(s), 122; and jurisdiction of action No. 4171 rests upon Section 41, subd. 5 of the Judicial Code of the United States, 28 U.S.C.A., revised by Title 28 United States Code Annotated, § 1340, and jurisdiction of civil action No. 4172 rests upon Section 41(20) of the Judicial Code of the United States, Title 28, U.S.C.A., revised by Title 28 United States Code Annotated, § 1346.

### II.

Plaintiff was a corporation organized and existing under and by virtue of the laws of the State of Oregon, having its principal office and place of business in the City of Portland in said state. Plaintiff was dis-

solved on January 12, 1948, but is still in existence under and by virtue of the laws of the State of Oregon for the purpose of suing and being sued. The word "plaintiff" as used in this paragraph and as hereinafter used means the Peninsula Forest Products Co. as plaintiff in each of the above mentioned actions.

### III.

At and during all times herein mentioned the defendant, United States of America, was and now is a Sovereign Power and body politic.

### IV.

At and during all times from some date in the year 1943 to September 3, 1947 James W. Maloney was the duly commissioned, qualified and acting United States Collector of Internal Revenue for the District of Oregon, and is hereinafter referred to as the former collector.

### V.

At and during all times from September 3, 1947 the defendant, Hugh H. Earle, was and now is the duly commissioned, qualified and acting United States Collector of Internal Revenue for the District of Oregon and is hereinafter sometime referred to as the collector.

### VI.

On or about March 13, 1944 plaintiff filed with the former collector its Corporation Income and Declared Value Excess-Profits Tax Return, Form 1120, for the calendar year 1943, showing a total income and declared value excess profits tax liability for said year in the sum of $1,479.60, and at said time also filed with the former collector its Corporation Excess-Profits Tax Return, Form 1121, for said calendar year, showing no excess profits and no liability for a tax on the excess profits for said year.

### VII.

On or about March 15, 1945, plaintiff filed with the former collector its Corporation Income and Declared Value Excess-Profits Tax Return, Form 1120, for the calendar year 1944, showing a total income and declared value excess profits tax liability for said year in the sum of $2,441.83. On or about March 15, 1945, plaintiff also filed with the former collector its Corporation Excess Profits Tax Return, Form 1121, for said calendar year, showing no excess profits and no liability for a tax on excess profits for said year.

### VIII.

Plaintiff paid to the former collector the full amount of the tax liability shown on said returns.

### IX.

On or about March 15, 1946 plaintiff filed with the former collector its Corporation Income and Declared Value Excess-Profits Tax Return, Form 1120, for the calendar year 1945, showing a net operating loss for said year as defined by Section 122 of the Internal Revenue Code in the sum of $1,436.07. Included in the computation of that loss was a deduction for contributions made by plaintiff in the sum of $125.00. On or about March 15, 1946 plaintiff also filed with the former collector its Corporation Excess-Profits Tax Return, Form 1121, for said calendar year, showing no excess profits tax liability for said year.

### X.

On or about June 12, 1946 plaintiff filed with the former collector an amended Income and Declared Value Excess-Profits Tax Return, Form 1120, for the calendar year 1943, in which plaintiff claimed a net operating loss deduction in the sum of $1,311.07, based upon the 1945 net operating loss above mentioned ($1,436.07–$125.00–$1,311.07). Said amended return shows a net income for declared value excess-profits tax and a normal tax net income in the sum of $4,539.29 for said calendar year instead of $5,850.36 as shown on the original return, and a total income and declared value excess-profits tax liability for said calendar year in the sum of $1,134.82 instead of $1,479.60 as shown on the original return, the difference in said net incomes and tax liability resulting from the said net operating loss deduction claimed on the amended return.

## XI.

Plaintiff paid to its officers during the calendar years 1943, 1944 and 1945 the total amount of $31,200.00 per year as salaries for personal services actually rendered to it by said officers, and on its said returns for each said year deducted from its gross income said amount of $31,200.00 as an ordinary and necessary expense paid during each said year in carrying on its business. The Commissioner of Internal Revenue of the United States of America disallowed $9,000.00 of each said amount of $31,200.00 paid by the plaintiff as officers' salaries as aforesaid. The following is a tabulation of the amounts paid by plaintiff during each of the said years to each of its officers and the portions of the amounts so paid that the Commissioner allowed and disallowed.

| Officer | Amount Paid | Amount Allowed | Amount Disallowed |
|---------|-------------|----------------|-------------------|
| S. R. Smith | $12,000.00 | $ 9,000.00 | $3,000.00 |
| T. W. Baker | 9,600.00 | 6,600.00 | 3,000 00 |
| Ora Slyter | 9,600.00 | 6,600.00 | 3,000.00 |
| | $31,200.00 | $22,200.00 | $9,000.00 |

## XII.

Thereafter the Commissioner of Internal Revenue assessed against plaintiff deficiencies in income, declared value excess-profits and excess profits taxes, together with interest thereon to November 23, 1947, as follows:

For the calendar year 1943
Additional income and declared
value excess-profits taxes — $ 688.27
Interest thereon — 152.32
Additional excess-profits tax $6,605.88
less post war credit of 660.59 — 5,945.29

Interest thereon — 1,387.45
— $8,173.33

For the calendar year 1944
Additional income tax — $ 667.98
Interest thereon — 107.75
Excess profits tax — 5,196.51
Interest thereon — 838.28
— $6,810.52

For the calendar year 1945
Additional income tax — $2,145.21
Interest thereon — 217.34
— $2,362.55

Said assessments of additional taxes, or those for any one year, together with said assessments of interest thereon, are hereinafter called "deficiency assessments".

## XIII.

Thereafter and on the 26th day of December, 1947 the collector collected from the plaintiff and the plaintiff paid to the collector the full amount of each and all the said deficiency assessments.

## XIV.

The said officers, and each of them, actually rendered to plaintiff personal services during the calendar years 1943, 1944 and 1945, and that the said amounts paid to each of the said officers as salaries for such personal services for each of the said years were and are reasonable and were and are ordinary and necessary expenses paid by the plaintiff during each said year in carrying on its business. The said disallowances by the Commissioner of Internal Revenue of said portions of said salaries for said years were and are arbitrary, erroneous and unlawful.

## XV.

The Commissioner of Internal Revenue based the total amount of the deficiency assessments for the calendar year 1943 in excess of the sum of $6.57 (to-wit: a deficiency in income and declared value excess-profits taxes of $5.38 and interest thereon in the sum of $1.19) and the total amount of the deficiency assessments for the calendar year 1944 upon said arbitrary, erroneous and unlawful disallowance of said portions of the amounts paid by plaintiff as officers' salaries for said calendar years. The said deficiency in the sum of $6.57 was based on a net adjustment adding $19.94 to plaintiff's income for the calendar year 1943, which adjustment plaintiff concedes is correct. The Commissioner of Internal Revenue based the deficiency assessments for the calendar year 1945 upon three adjustments made by him, one of which was and is said arbitrary, erroneous and unlawful disallowance of said portions of the amounts paid by plaintiff as officers' salaries for said calendar year. As a result of the foregoing finding that the amounts paid by plaintiff as officers' salaries for the

calendar year 1945 was reasonable, the other two of the three 1945 adjustments by virtue of their nature and amount do not affect plaintiff's income tax liability for said calendar year.

## XVI.

The net income of plaintiff for the calendar year 1943 was in the sum of $5,870.-30 (to the $5,850.36 shown on the original 1943 income tax return should be added the said net adjustment of $19.94), but after deducting the net operating loss deduction hereinafter mentioned the declared value excess-profits net income and normal tax net income for the plaintiff for said calendar year was in the sum of $4,559.23 (to the $4,539.29 shown on the amended 1943 income tax return should be added the said net adjustment of $19.94); and plaintiff's excess profits net income for said calendar year did not exceed the sum of $6,165.23. Plaintiff's capital stock declared value for said calendar year was in the sum of $100,-000.00, and it had an excess profits credit for said year in the sum of $4,665.96. The net income, declared value excess-profits net income, normal tax net income and excess profits net income of the plaintiff for the calendar year 1944 was in the sum of $9,414.17, and plaintiff's capital stock declared value for said calendar year was in the sum of $200,000.00. Plaintiff sustained a net operating loss for the calendar year 1945 as defined by Section 122 of the Internal Revenue Code in the said sum of $1,-436.07, which was a net loss in said sum for computations for said calendar year of declared value excess-profits tax liability, normal income tax liability and excess profits tax liability. Said net operating loss less contributions in said sum of $125.00, resulted in said net operating loss deduction in the sum of $1,311.07, which pursuant to said Section and Sec. 23(s) of the Internal Revenue Code carried back to and was and is a net operating loss deduction of plaintiff for the calendar year 1943 and which as aforesaid reduces its net income, declared value excess-profits net income and normal tax net income for the calendar year 1943 from said sum of $5,870.30 to $4,559.23.

## XVII.

Prior to the time the Commissioner made the assessments referred to in paragraph XII hereof the plaintiff overpaid to the former collector plaintiff's United States income and declared value excess-profits taxes for the calendar year 1943 by the sum of $344.78, and prior to said time plaintiff paid to the former collector of the United States taxes owed by it on account of any and all income received by it for the calendar year 1944.

## XVIII.

On or about the 5th day of January, 1948 the plaintiff duly filed with the collector, in the collector's office in Portland, Oregon, on Form 843 plaintiff's claim for refund to plaintiff of said sum of $8,173.33, another for the refund to plaintiff of said sum of $6,810.52 and another for the refund to plaintiff of said sum of $2,362.55, together with interest on each said amount from December 26, 1947 until paid. Said claims are based upon the grounds hereinbefore set forth. More than six months elapsed from the date each of the said claims was filed with said collector prior to the institution of the above entitled actions, and no decision on any of the said claims has been made by the Commissioner of Internal Revenue.

## XIX.

On or about the 12th day of June, 1946 the plaintiff filed with the former collector, in the former collector's office in Portland, Oregon, on Form 843, plaintiff's claim for refund of the overpayment by plaintiff to the former collector of income tax and surtax for the calendar year 1943 in the sum of $344.78 (tax paid $1,479.60 less $1,134.82 tax liability as shown by the amended 1943 return = $344.78). The grounds upon which said claim was and is based is said net operating loss carry-back and deduction. Prior to the institution of these actions and on or about March 31, 1948 the Commissioner of Internal Revenue disallowed said claim.

## XX.

None of the amounts referred to in paragraph XIII, nor any part or parts thereof,

or interest thereon, have been repaid to the plaintiff.

Based upon the foregoing Findings of Fact, the Court makes the following conclusions of law:

### I.

This court has jurisdiction of these actions and of the parties hereto.

### II.

The deficiency assessments for the calendar year 1943 in excess of $6.57 and those for the calendar years 1944 and 1945, and the collection of the amounts thereof by the collector, except to the extent of $6.57 for the calendar year 1943, were and are arbitrary, erroneous and unlawful; and the defendant, United States of America, now unlawfully withholds from the plaintiff the sum of $8,166.76 on account of the deficiency assessments for the calendar year 1943, together with interest thereon as hereinafter specified, and the defendant, Hugh H. Earle, now unlawfully withholds from the plaintiff the sum of $6,810.52 on account of the deficiency assessments for the calendar year 1944 and the sum of $2,362.55 on account of the deficiency assessments for the calendar year 1945, together with interest on said amounts as hereinafter specified.

### III.

The plaintiff was and is entitled to a net operating loss deduction in the sum of $1,311.07, which, pursuant to Secs. 23(s) and 122 of the Internal Revenue Code, carries back to and is a net operating loss deduction which the plaintiff was and is entitled to deduct in the calendar year 1943, and has the effect of reducing the amount of plaintiff's income and declared value excess-profits tax liability for said year from $1,479.60, which plaintiff paid, to $1,134.82 or by the amount of $344.78.

### IV.

The Commissioner erroneously and wrongfully disallowed plaintiff's claim for a refund of said sum of $344.78 and the defendant, United States of America, now unlawfully withholds said amount from the plaintiff, together with interest thereon as hereinafter specified.

### V.

In civil action No. 4172 plaintiff is entitled to recover of and from the defendant, United States of America, the sum of $8,166.76, together with interest thereon at the rate of 6% per annum from December 26, 1947, as provided by law, and the additional sum of $344.78, together with interest thereon at said rate from June 12, 1946, as provided by law, and plaintiff's costs and disbursements herein incurred.

### VI.

On its first cause of action in civil action No. 4171 plaintiff is entitled to recover of and from the defendant, Hugh H. Earle, Collector of Internal Revenue of the United States of America, District of Oregon, the sum of $6,810.52, together with interest thereon at the rate of 6% per annum from December 26, 1947, as provided by law, and on its second cause of action in said action No. 4171 the plaintiff is entitled to recover of and from said defendant the sum of $2,362.55, together with interest thereon at said rate from said date, as provided by law, and in said action plaintiff is entitled to recover of and from said defendant its costs and disbursements herein incurred.

### VII.

The defendant in said civil action No. 4171 had probable cause for the erroneous and unlawful collection of the amounts of all of the said deficiency assessments, and when the amounts of the deficiency assessments for the calendar years 1944 and 1945, plus said interest, are recovered it should be so certified in the final judgment, in order that said amounts, plus said interest, may be provided for and paid out of the proper appropriation from the Treasury of the United States in accordance with Title 28 United States Code Annotated § 2006.

### Opinion

Defendants' offer of proof presented the same difficulty that arises in condemnation cases. There it is found impossible as a practical matter to go into details about other pieces of land, even though comparable; so here, to have gone into the details of the other businesses represented by the

three witnesses offered by the Government, would have involved us beyond the point of probative helpfulness. In deciding the case I have, however, considered the Government's offer of proof in its general aspects as well as the accompanying exhibit.

Judgment for plaintiff.